FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 26, 2022

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CELESTE S.,[1] | No. 2:21-cv-00039-MKD |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| | ECF Nos. 15, 17 |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 15, 17. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court denies Plaintiff's motion, ECF No. 15, and grants Defendant's motion, ECF No. 17.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

ORDER - 2

416.920(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

1  activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial

2  gainful activity," the Commissioner must find that the claimant is not disabled.  20

3  C.F.R. § 416.920(b).

4       If the claimant is not engaged in substantial gainful activity, the analysis

5  proceeds to step two.  At this step, the Commissioner considers the severity of the

6  claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from

7  "any impairment or combination of impairments which significantly limits [his or

8  her] physical or mental ability to do basic work activities," the analysis proceeds to

9  step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy

10 this severity threshold, however, the Commissioner must find that the claimant is

11 not disabled.  *Id.*

12      At step three, the Commissioner compares the claimant's impairment to

13 severe impairments recognized by the Commissioner to be so severe as to preclude

14 a person from engaging in substantial gainful activity.  20 C.F.R. §

15 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the

16 enumerated impairments, the Commissioner must find the claimant disabled and

17 award benefits.  20 C.F.R. § 416.920(d).

18      If the severity of the claimant's impairment does not meet or exceed the

19 severity of the enumerated impairments, the Commissioner must pause to assess

20 the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 5

1  step five, the burden shifts to the Commissioner to establish that (1) the claimant is

2  capable of performing other work; and (2) such work "exists in significant

3  numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

4  700 F.3d 386, 389 (9th Cir. 2012).

5  **ALJ'S FINDINGS**

6          On September 26, 2018, Plaintiff applied for Title XVI supplemental

7  security income benefits alleging a disability onset date of June 1, 1997.  Tr. 15,

8  60, 170-84.  The application was denied initially, and on reconsideration.  Tr. 86-

9  89, 93-95.  Plaintiff appeared before an administrative law judge (ALJ) on July 22,

10  2020.  Tr. 32-59.  On August 18, 2020, the ALJ denied Plaintiff's claim.  Tr. 12-

11  30.

12          At step one of the sequential evaluation process, the ALJ found Plaintiff has

13  not engaged in substantial gainful activity since September 26, 2018.  Tr. 17.  At

14  step two, the ALJ found that Plaintiff has the following severe impairments:

15  anxiety disorder, attention-deficit hyperactivity disorder, alcohol and cannabis

16  abuse, and obesity.  *Id.*

17          At step three, the ALJ found Plaintiff does not have an impairment or

18  combination of impairments that meets or medically equals the severity of a listed

19  impairment.  Tr. 18.  The ALJ then concluded that Plaintiff has the RFC to perform

20  work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] would be limited to simple, routine, and repetitive tasks
> with no detailed work; she could not make decision independently but
> could follow employers' instructions on simple, routine, and repetitive
> tasks; she could tolerate only occasional changes in work duties; she
> could have brief superficial contact with the public and co-workers
> and could not perform collaborative work with co-workers; and she
> would work best independently.

Tr. 20.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 24. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as cleaner II, hand packager, and cleaner, housekeeping. *Id.* Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision. Tr. 25.

On November 25, 2020, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

ORDER - 7

1    1.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

2    2.  Whether the ALJ properly evaluated the medical opinion evidence.[2]

3  ECF No. 15 at 10-11.

4                              **DISCUSSION**

5  **A. Plaintiff's Symptom Claims**

6         Plaintiff faults the ALJ for failing to rely on reasons that were clear and

7  convincing in discrediting her symptom claims.  ECF No. 15 at 11-13.  An ALJ

8  engages in a two-step analysis to determine whether to discount a claimant's

9  testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

10  "First, the ALJ must determine whether there is objective medical evidence of an

11  underlying impairment which could reasonably be expected to produce the pain or

12  other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

13  "The claimant is not required to show that [the claimant's] impairment could

14  reasonably be expected to cause the severity of the symptom [the claimant] has

15  alleged; [the claimant] need only show that it could reasonably have caused some

16  degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

17  _____

18  [2] Plaintiff lists a third issue, however the issue entirely addresses whether the

19  alleged errors raised in the first two issues are harmless and is not an issue in itself.

20  Thus, the Court has addressed the third issue within the other two sections.

ORDER - 8

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other

ORDER - 9

factors concerning an individual's functional limitations and restrictions due to
pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §
416.929(c).  The ALJ is instructed to "consider all of the evidence in an
individual's record," to "determine how symptoms limit ability to perform work-
related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could
reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's
statements concerning the intensity, persistence, and limiting effects of her
symptoms were not entirely consistent with the evidence.  Tr. 21.

### 1. Inconsistent Objective Medical Evidence

The ALJ found Plaintiff's symptom claims were inconsistent with the
objective medical evidence.  Tr. 21-23.  An ALJ may not discredit a claimant's
symptom testimony and deny benefits solely because the degree of the symptoms
alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261
F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.
1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400
F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a
relevant factor, along with the medical source's information about the claimant's
pain or other symptoms, in determining the severity of a claimant's symptoms and
their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

The ALJ found that while there are some documented abnormalities in the record, such as Plaintiff having psychomotor agitation and abnormal speech, Plaintiff's test results and examination findings were largely normal.  Tr. 21-22. At Dr. Islam-Zwart's examination, Plaintiff scored 30 out of 30 points on the mini mental status examination, and her Trail Making Test scores were normal on one test, and only mildly impaired on the other.  Tr. 22 (citing Tr. 335).  At a counseling intake, Plaintiff was noted as clean, alert, attentive, and she had normal mood, orientation, and thought processes, and the provider estimated Plaintiff's intelligence was average, although her attention/concentration were only fair, and her short-term memory was rated as poor.  Tr. 22 (citing Tr. 341).  Plaintiff reported some anxiety with situational stressors, but reported her anxiety decreased when the stressors resolved.  Tr. 23 (citing Tr. 418, 422).  Plaintiff continued attending counseling and reported she was making progress toward her goals.  Tr. 23 (citing Tr. 450).  The State agency psychological consultants and the medical expert who testified at the hearing all opined that Plaintiff had no more than moderate limitations.  Tr. 23.

Plaintiff argues the ALJ erred because Dr. Islam-Zwart's examination documented multiple abnormal findings, along with the normal test scores.  ECF No. 15 at 12, ECF No. 18 at 4.  However, Plaintiff does not cite to any other objective evidence to support her argument.  Despite some abnormal examination

findings, Plaintiff had generally normal test scores at Dr. Islam-Zwart's

examination.  Tr. 23, 335.  The ALJ did not address multiple pieces of evidence in

the record, such as the special education records; however, Plaintiff only argues

that the ALJ failed to consider that she was in special education in English and

math.  ECF No. 18 at 2.  Plaintiff's school records indicate she was in a general

education setting 97.86% of the week, and only spent 40 minutes per week in

special education services.  Tr. 245.  Despite Plaintiff's enrollment in special

education services, the school records document Plaintiff's generally normal test

results.  The scores indicate she passed state testing in both math and written

language, although she had some difficulties with written language.  Tr. 230, 236.

Plaintiff had set goals to improve her functional performance, including waiting to

join conversations, looking at the person talking, choosing her words wisely, and

making appropriate comments during the conversation, and Plaintiff met all of her

goals.  Tr. 231, 236.  Plaintiff also successfully graduated from high school.  Tr.

365.  At a DSHS appointment during which Plaintiff received assistance with her

SSI application, Plaintiff was observed as having difficulty with understanding,

concentrating, talking, answering, and she had impaired memory and an unpleasant

body odor.  Tr. 208-09.  However, at other appointments, Plaintiff was

cooperative, well-groomed, alert, able to articulate with normal speech, and had

ORDER - 12

normal mood, affect, attention, and concentration.  Tr. 315, 317, 319, 335, 364, 380, 401.

On this record, the ALJ reasonably found the objective medical evidence is inconsistent with Plaintiff's allegations.  This finding is supported by substantial evidence and was a clear and convincing reason, along with the other reasons offered, to discount Plaintiff's symptom complaints.

### 2. Lack of Treatment

The ALJ found Plaintiff's symptom claims were inconsistent with her lack of treatment.  Tr. 22-23.  An unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment may be considered when evaluating the claimant's subjective symptoms.  *Orn v. Astrue*, 495 F.3d 625, 638 (9th Cir. 2007).  Evidence of a claimant's self-limitation and lack of motivation to seek treatment are appropriate considerations in determining the credibility of a claimant's subjective symptom reports.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1165-66 (9th Cir. 2001); *Bell-Shier v. Astrue*, 312 F. App'x 45, *3 (9th Cir. 2009) (unpublished opinion) (considering why plaintiff was not seeking treatment).  When there is no evidence suggesting that the failure to seek or participate in treatment is attributable to a mental impairment rather than a personal preference, it is reasonable for the ALJ to conclude that the level or frequency of treatment is inconsistent with the alleged severity of complaints.  *Molina*, 674 F.3d at 1113-14.

ORDER - 13

But when the evidence suggests lack of mental health treatment is partly due to a claimant's mental health condition, it may be inappropriate to consider a claimant's lack of mental health treatment when evaluating the claimant's failure to participate in treatment. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996).

First, the ALJ noted that Plaintiff was uninterested in ongoing treatment for her depressive and anxiety symptoms, and Plaintiff only went to counseling after it was mandated to continue receiving benefits. Tr. 22 (citing Tr. 340, 376). Plaintiff does not offer any argument that she had any reasons for not pursuing mental health treatment. ECF No. 15 at 11-13. Plaintiff has also not taken any medications for her mental health symptoms during the relevant period. Tr. 23. The ALJ's finding that Plaintiff did not seek treatment for her mental health symptom is supported by substantial evidence.

Second, the ALJ found that Plaintiff testified that she was not currently on any medication for her ADHD, "despite the fact that the medication was prescribed in the past and helped manage her ADHD symptoms." Tr. 23. However, Plaintiff testified she has never been on medication for her ADHD, because her parents were against her being on medication as a child, and now as an adult she has been worried about having a bad reaction to medication. Tr. 43-44. The medical expert also testified that he did not see evidence in the records that Plaintiff had been on medication for her ADHD. Tr. 43. Plaintiff reported to an examiner and a treating

ORDER - 14

1    provider that she has never taken psychotropic medication and was not currently

2    on psychiatric medication. Tr. 334, 355. The ALJ stated at the hearing that she

3    saw in the records that Plaintiff was on ADHD medication at some point, and

4    asked what medication Plaintiff took, but Plaintiff testified that she could not

5    remember. Tr. 51-52. At one appointment in 2019, Plaintiff stated she has ADHD

6    and she "use to take medication, but I don't do that anymore." Tr. 434. Plaintiff

7    did not state when she took the medication, nor did she state that it improved her

8    ADHD symptoms. *See id*. The ALJ does not cite to any evidence to support the

9    finding that Plaintiff had improvement in her ADHD symptoms with medication.

10    While the medical expert testified Plaintiff had improvement with treatment, and

11    the expert cited to an appointment where Plaintiff was being seen for counseling,

12    but there is no evidence of treatment with psychiatric medication. Tr. 39, 41

13    (citing Tr. 426). The ALJ also does not cite to any evidence that indicates a

14    provider recommended Plaintiff take any psychiatric medications. However, any

15    error in the ALJ's finding that Plaintiff did not pursue medication for her ADHD

16    despite her prior improvement with medication is harmless, as the ALJ set forth

17    other supported reasons to reject Plaintiff's symptom claims. *See Molina,* 674 F.3d

18    at 1115.

19

20

ORDER - 15

*3. Secondary Gain*

The ALJ found there is evidence Plaintiff is motivated by secondary gain. Tr. 22-23. The tendency to exaggerate provided a permissible reason for discounting Plaintiff's reported symptoms. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (The ALJ appropriately considered Plaintiff's tendency to exaggerate when assessing Plaintiff's credibility, which was shown in a doctor's observation that Plaintiff was uncooperative during cognitive testing but was "much better" when giving reasons for being unable to work.). Moreover, in evaluating symptom claims, the ALJ may utilize ordinary evidence-evaluation techniques, such as considering prior inconsistent statements. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ noted that Plaintiff was not interested in pursuing treatment for her symptoms. Tr. 22 (citing Tr. 340). After receiving a letter that stated she had to participate in treatment in order to receive cash assistance, Plaintiff began participating in treatment. Tr. 22 (citing Tr. 376). Plaintiff argues the ALJ erred in finding her motivation for seeking treatment was secondary gain, because once she sought counseling, abnormalities were noted during her sessions. ECF No. 15 at 12-13. However, the ALJ reasonably considered Plaintiff's lack of treatment until it was mandated, and Plaintiff's motivation for seeking treatment. This was a clear

and convincing reason, supported by substantial evidence, to reject Plaintiff's symptom claims.

### 4. Activities of Daily Living

The ALJ found Plaintiff's symptom claims were inconsistent with Plaintiff's activities of daily living. Tr. 23. The ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The ALJ found Plaintiff's self-reported activities suggest she is more capable than she alleges. Tr. 23. While Plaintiff alleges difficulty socializing, Tr. 22, 252, Plaintiff reported that she goes outside daily and spends most of the day outside of the home, she purchases food and gas for friends, so they drive her where she needs to go, and she plays games on a daily basis, Tr. 23, 252-58, 334. Plaintiff reported that she spends time in person with her friends and has a

ORDER - 17

boyfriend, whom she had been in a relationship with for one and a half years at the time of the hearing, and whom she met through a friend.  Tr. 18, 49-51, 196, 256, 314.  Plaintiff also knows how to cook, do laundry, shop for groceries, and manage money, although she does not know how to pay bills.  Tr. 18 (citing Tr. 334); Tr. 255.  Plaintiff reported working with a temporary employment agency, applying for jobs, volunteering, and engaging in odd jobs, including volunteering at an animal shelter and Habitat for Humanity, and volunteering at Friendship Feast for a year.  Tr. 19-20, 50, 334, 338.

Plaintiff argues her activities are not inconsistent with her claims, because she has not been able to find employment.  ECF No. 15 at 11.  However, the ALJ reasonably found Plaintiff's activities, including her ability to regularly socialize and volunteer in the community, are inconsistent with her allegations.  This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptom complaints.  Plaintiff is not entitled to remand on these grounds.

**B. Medical Opinion Evidence**

Plaintiff contends the ALJ erred in her consideration of the opinion of Kayleen Islam-Zwart, Ph.D.  ECF No. 15 at 13-16.

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate

ORDER - 18

medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). Supportability and consistency are explained in the regulations:

ORDER - 19

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

The parties disagree over whether Ninth Circuit case law continues to be controlling in light of the amended regulations, specifically whether the "clear and convincing" and "specific and legitimate" standards still apply.  ECF No. 15 at 14-16; ECF No. 17 at 10-13.  "It remains to be seen whether the new regulations will meaningfully change how the Ninth Circuit determines the adequacy of [an] ALJ's reasoning and whether the Ninth Circuit will continue to require that an ALJ provide 'clear and convincing' or 'specific and legitimate reasons' in the analysis of medical opinions, or some variation of those standards."  *Gary T. v. Saul*, No.

ORDER - 20

EDCV 19-1066-KS, 2020 WL 3510871, at *3 (C.D. Cal. June 29,

2020) (citing *Patricia F. v. Saul*, No. C19-5590-MAT, 2020 WL 1812233, at *3

(W.D. Wash. Apr. 9, 2020)).  "Nevertheless, the Court is mindful that it must defer

to the new regulations, even where they conflict with prior judicial precedent,

unless the prior judicial construction 'follows from the unambiguous terms of the

statute and thus leaves no room for agency discretion.'"  *Gary T.,* 2020 WL

3510871, at *3 (citing *Nat'l Cable & Telecomms. Ass'n v. Brand X Internet

Services*, 545 U.S. 967, 981-82 (2005); *Schisler v. Sullivan*, 3 F.3d 563, 567-58 (2d

Cir. 1993) ("New regulations at variance with prior judicial precedents are upheld

unless 'they exceeded the Secretary's authority [or] are arbitrary and

capricious.'").

There is not a consensus among the district courts as to whether the "clear

and convincing" and "specific and legitimate" standards continue to apply.  *See,

e.g.*, *Kathleen G. v. Comm'r of Soc. Sec.*, 2020 WL 6581012, at *3 (W.D. Wash.

Nov. 10, 2020) (applying the specific and legitimate standard under the new

regulations); *Timothy Mitchell B., v. Kijakazi*, 2021 WL 3568209, at *5 (C.D. Cal.

Aug. 11, 2021) (stating the court defers to the new regulations); *Agans v. Saul*,

2021 WL 1388610, at *7 (E.D. Cal. Apr. 13, 2021) (concluding that the new

regulations displace the treating physician rule and the new regulations control);

*Madison L. v. Kijakazi*, No. 20-CV-06417-TSH, 2021 WL 3885949, at *4-6 (N.D.

ORDER - 21

Cal. Aug. 31, 2021) (applying only the new regulations and not the specific and

legitimate nor clear and convincing standard).  This Court has held that an ALJ did

not err in applying the new regulations over Ninth Circuit precedent, because the

result did not contravene the Administrative Procedure Act's requirement that

decisions include a statement of "findings and conclusions, and the reasons or basis

therefor, on all the material issues of fact, law, or discretion presented on the

record."  *See, e.g., Jeremiah F. v. Kijakazi*, No. 2:20-CV-00367-SAB, 2021 WL

4071863, at *5 (E.D. Wash. Sept. 7, 2021).  Nevertheless, it is not clear that the

Court's analysis in this matter would differ in any significant respect under the

specific and legitimate standard set forth in *Lester*, 81 F.at 830-31.

The Court notes that Plaintiff mentions Dr. Luci Carstens' opinion but does

not set forth an argument with any specificity regarding the ALJ's rejection of Dr.

Carstens' opinion.  ECF No. at 15 at 14.  Thus, any challenge to those findings is

waived.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th

Cir. 2008) (determining Court may decline to address on the merits issues not

argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the

Court may not consider on appeal issues not "specifically and distinctly argued" in

the party's opening brief).  As such, the Court has only addressed Plaintiff's

challenge to the ALJ's rejection of Dr. Islam-Zwart's opinion.

ORDER - 22

On August 18, 2018, Dr. Islam-Zwart, an examining psychologist, rendered an opinion on Plaintiff's functioning.  Tr. 329-36.  Dr. Islam-Zwart diagnosed Plaintiff with attention deficit hyperactivity disorder, unspecified neurodevelopmental disorder, mild alcohol use disorder, and unspecified communication disorder.  Tr. 330, 335.  Dr. Islam-Zwart opined Plaintiff has no or mild limitations in her ability to understand, remember, and persist in tasks by following very short and simple instructions and make simple work-related decisions; moderate limitations in her ability to understand, remember, and persist in tasks by following detailed instructions, learn new tasks, perform routine tasks without special supervision, be aware of normal hazards and take appropriate precautions, ask simple questions or request assistance, and set realistic goals and plan independently; marked limitations in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, adapt to changes in a routine work setting, communicate and perform effectively in a work setting, and complete a normal workday/workweek without interruptions from psychologically based symptoms; and severe limitation in her ability to maintain appropriate behavior in a work setting.  Tr. 330.  Dr. Islam-Zwart further opined Plaintiff's impairments overall have a marked severity, there is indication Plaintiff has difficulty with communication, Plaintiff interacts in an unusual manner and there is a question of

ORDER - 23

autism or cognitive deficits, she "has problems in an appropriate manner," she "appears unable to work at this time," and her "prognosis for the future is guarded." Tr. 330, 336. She stated a referral for Social Security was recommended due to the severity and nature of Plaintiff's problems. *Id.* The ALJ found Dr. Islam-Zwart's opinion was somewhat persuasive. Tr. 22.

First, the ALJ found Dr. Islam-Zwart's opinion was inconsistent with her examination findings. *Id.* Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. § 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). While Dr. Islam-Zwart opined Plaintiff had several marked and severe limitations, the ALJ noted Plaintiff scored 30 out of 30 points on the mini-mental status examination, and her Trail Making Test results were within the normal to only mildly impaired range. Tr. 22 (citing Tr. 335-36). Dr. Islam-Zwart noted Plaintiff was restless with psychomotor agitation, she had a hunched over posture, she had a speech impediment and sometimes left out words, her speech was monotone, slowed, and choppy, she tended to stare, she had a blunted affect, and she interacted in an unusual manner. Tr. 335. However, Dr. Islam-Zwart also noted that Plaintiff's score of 30 out of 30 points fell above the cutoff of 24 which would indicate an impairment. *Id.* Plaintiff's Trails A test

result was normal, while her Trails B test result was in the mildly impaired range. *Id.* While Plaintiff was able to spell "world" forward and backward, recall three of three objects after a delay, copy a figure and read and obey a command, Tr. 335, Dr. Islam-Zwart opined Plaintiff has moderate limitations in learning new tasks, and understanding, remembering, and persisting in tasks by following detailed instructions, Tr. 330. The ALJ's finding that Dr. Islam-Zwart's opinion was inconsistent with her examination results is supported by substantial evidence.

Second, the ALJ found Dr. Islam-Zwart's opinion infringed on an issue reserved to the Commissioner. Tr. 22. A statement on an issue reserved to the Commissioner is a statement made by a medical or nonmedical source, who is not part of the adjudicative team, that would direct the determination or decision that the claimant is or is not disabled or blind within the meaning of the Social Security Act. POMS DI 24503.040. For claims filed on or after March 17, 2017, the adjudicator is not required to articulate how they considered a statement on an issue reserved to the Commissioner. *Id.* Dr. Islam-Zwart opined Plaintiff appears unable to work. Tr. 336. However, such a statement is an issue reserved to the Commissioner, and the Administration has determined such statements are neither valuable nor persuasive. *See* POMS DI 24503.040. As such, the ALJ reasonably rejected the portion of Dr. Islam-Zwart's opinion that addressed an issue reserved to the Commissioner.

Third, the ALJ found Dr. Islam-Zwart did not cite to objective evidence to support her opinion. Tr. 22. Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is. 20 C.F.R. § 416.920c(b)(2). The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is. 20 C.F.R. § 416.920c(c)(1). Dr. Islam-Zwart opined Plaintiff has several marked and severe limitations and stated there is a question Plaintiff has autism and cognitive deficits, but she did not cite to evidence to support her opinion. Tr. 336. She stated Plaintiff should be referred to Social Security due to the severity and nature of her problems, but again did not cite to evidence to support her opinion. *Id.* Dr. Islam-Zwart did not explain why she believed Plaintiff may have cognitive deficits, nor why she would qualify for Social Security, when her test results were largely normal. *See* Tr. 335-36.

Plaintiff argues Dr. Islam-Zwart's opinion is consistent with the counseling records from Northeast Washington Alliance Counseling, ECF No. 15 at 15, however Dr. Islam-Zwart did not document any records she reviewed, nor did she cite to any external evidence to support her opinion, Tr. 329-34. Further, while Plaintiff argues the opinion is consistent with the other evidence, ECF No. 15 at 15, the ALJ found Dr. Wiese, Dr. Regets, and Dr. Donohue's opinions were persuasive, all of whom had opinions that were inconsistent with Dr. Islam-Zwart's

ORDER - 26

opinion, Tr. 23.  The ALJ's finding that Dr. Islam-Zwart did not cite to objective evidence to support her opinion is supported by substantial evidence.  Plaintiff is not entitled to remand on these grounds.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Kilolo Kijakazi as Defendant and update the docket sheet.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **DENIED**.

3. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED January 26, 2022.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 27